# EXHIBIT A

| District Court, Denver County, Colorado<br>1437 Bannock St.<br>Denver, CO 80202<br>720-865-8301 | DATE FILED: May 12, 2017 10:08 AM<br>FILING ID: 786CB5C2B95A5<br>CASE NUMBER: 2017CV31756 |
|---|---|
| Plaintiff(s): Gregory J. Greetham<br><br>v.<br><br>Defendant(s): Equifax Information Services, LLC; Experian Information Solutions, Inc; Trans Union, LLC; and Navient Solutions, LLC | ▲   ▲<br><br>**COURT USE ONLY** |
| Attorneys for Plaintiff:<br>Matthew R. Osborne #40835<br>10465 Melody Dr, Ste 325<br>Northglenn, CO 80234<br>Phone Number: 303-759-7018<br>E-mail: matt@mrosbornelawpc.com<br><br>Karen Cody-Hopkins Atty. Reg. #:35367<br>Cody-Hopkins Law Firm<br>4610 S. Ulster St #150<br>Denver, CO 80237<br>Phone Number: 303-221-4666<br>FAX Number: 303-221-4374<br>E-mail:karen@codyhopkinslaw.com | Case Number:<br><br><br><br>Division     Courtroom |

## COMPLAINT

1. Plaintiff is an individual consumer.

2. Defendant Experian Information Solutions, Inc. ("XPN") is a consumer reporting agency located in Costa Mesa, California.

3. Defendant Trans Union, LLC ("TU") is a consumer reporting agency located in Chicago, Illinois.

4. Defendant Equifax Information Services, LLC ("EFX") is a consumer reporting agency located in Atlanta, Georgia.

1

5.  Defendant Navient Solutions, LLC ("Navient") is a Delaware LLC located at 2001 Edmund Halley Drive, Reston, VA 20191. Navient was formerly part of Sallie Mae.

6.  From 2006 - 2008, Plaintiff was active duty in the U.S. Army stationed in Fort Carson in Colorado Springs, CO. During this timeframe, Plaintiff was deployed to Iraq.

7.  Plaintiff later became aware that while he was in Iraq, his identity was stolen and two student loan accounts were fraudulently opened in his name with Sallie Mae.

8.  Defendant Navient obtained the servicing rights to the fraudulent loans opened in Plaintiff's name.

9.  In or around February 2017, Plaintiff became aware that his credit reports were reflecting that he was liable for the 2 fraudulent Navient loans, that the loans were in a charge off status, and past due.

10. In February 2017, Plaintiff sent written disputes to the major consumer reporting agencies: Innovis, Experian, Equifax, and Trans Union.

11. EFX, XPN, and TU compiled Plaintiff's February 2017 dispute into an ACDV form, and notified Navient of the disputes through the e-Oscar system.

12. Navient responded to EFX, XPN, and TU that the information was accurate, and to continue reporting the loans as previously reported.

13. Innovis conducted an investigation into Plaintiff's dispute, and unlike XPN, EFX, and TU, Innovis deleted the fraudulent Navient accounts from Plaintiff's Innovis credit file.

14. In March 2017, XPN responded to Plaintiff's dispute that it would not be removing the Navient accounts from Plaintiff's credit file. XPN did nothing to investigate Plaintiff's dispute, other than to simply contact Navient, and parroted Navient's response.

15. Experian's actions of parroting Navient were a reckless disregard for its obligations to perform a reasonable re-investigation into Plaintiff's disputes, especially since XPN has been on notice for years that parroting is not a reasonable re-investigation as a matter of law.

16. In March 2017, TU responded to Plaintiff's dispute that it would not be removing the Navient accounts from Plaintiff's credit file. TU did nothing to investigate Plaintiff's dispute, other than to simply contact Navient, and parroted Navient's response.

17. TU's actions of parroting Navient were a reckless disregard for its obligations to perform a reasonable re-investigation into Plaintiff's disputes, especially since TU has been on notice for years that parroting is not a reasonable re-investigation as a matter of law.

18. Plaintiff has no record of receiving any response to his Feb. 2017 dispute from EFX.

19. In March 2017, Plaintiff sent another round of disputes to XPN, EFX, and TU, this time attaching an identity theft affidavit to his dispute.

20. XPN, EFX, and TU compiled Plaintiff's Mar. 2017 dispute into an ACDV form and notified Navient of Plaintiff's disputes through the e-Oscar system. Navient again responded to XPN, EFX, and TU to continue reporting the account as previously reported. Alternatively, XPN, EFX, and TU failed to notify Navient of Plaintiff's March 2017 dispute.

21. In April 2017, TU responded to Plaintiff that it would not be removing the fraudulent Navient tradelines from his TU credit file.

22. In April 2017, EFX responded to Plaintiff that it would not be removing the fraudulent Navient tradelines, and that it had "verified" that these items belonged to Plaintiff.

23. In April 2017, XPN responded to Plaintiff that it had completed the processing of its reinvestigation, and would not be removing the fraudulent Navient tradelines.

**COUNT I, FAIR CREDIT REPORTING ACT (FCRA)**

24. Plaintiff re-alleges and incorporates his above allegations as if fully set out herein.

25. Defendants TU, EFX, and XPN negligently and willfully violated the FCRA in the following ways: failing to follow reasonable procedures to ensure

maximum possible accuracy of the information in Plaintiff's consumer reports, 15 U.S.C. § 1681e(b), allowing Navient to obtain Plaintiff's consumer reports without a permissible purpose, 15 U.S.C. § 1681b, failing to conduct a reasonable re-investigation into Plaintiff's various disputes, 15 U.S.C. § 1681i, and failing to provide Plaintiff with a complete copy of his credit file upon request, 15 U.S.C. § 1681g.

26. Defendant Navient negligently and willfully violated the FCRA in the following ways: failing to conduct a reasonable investigation into Plaintiff's disputes, including failing to mark the tradelines as disputed, 15 U.S.C. § 1681s-2(b). Navient recklessly disregarded its rights and duties under the FCRA by failing to properly review and consider all the information in its possession to learn that Plaintiff was an identity theft victim, including Plaintiff's ID Theft affidavit, the fact that Plaintiff was in Iraq when the loans were taken out in his name, failing to follow reasonable procedures to investigate identity theft disputes, and failure to review and consider the information in its own possession which would validate Plaintiff's claims.

27. Defendant XPN's violations of the FCRA caused Plaintiff actual damages to be determined at trial, including inconvenience, invasion of privacy, and damage to his XPN credit score.

28. Defendant EFX's violations of the FCRA caused Plaintiff actual damages to be determined at trial, including damage to his EFX credit score, frustration, and inconvenience.

29. Defendant TU's violations of the FCRA caused Plaintiff actual damages to be determined at trial, including damage to his TU credit score, invasion of privacy, and inconvenience.

30. Defendant Navients's violations of the FCRA caused Plaintiff actual damages to be determined at trial, including lost credit opportunities, embarrassment, anger, frustration, lost time, damage to reputation, and emotional distress.

31. Plaintiff seeks punitive damages against the Defendants, together with reasonable attorney fees and costs.

WHEREFORE, Plaintiff prays for the following relief:

a. Actual damages to be determined at trial;
b. Punitive damages to be determined at trial;

    c. Attorney fees and costs;
    d. For such other relief as may be proper.

s/ Matthew R. Osborne
Attorney for Plaintiff