**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Case No. 1:17-cv-01272-CBS

GREGORY GREETHAM,

    Plaintiff,

v.

EQUIFAX INFORMATION SERVICES, LLC; EXPERIAN INFORMATION SOLUTIONS, INC.; TRANS UNION, LLC; AND NAVIENT SOLUTIONS, LLC,

    Defendants.

**NAVIENT SOLUTIONS, LLC'S ANSWER TO PLAINTIFF'S COMPLAINT**

Navient Solutions, LLC (**NSL**) answers Plaintiff Gregory J. Greetham's Complaint as follows:

    1.    NSL is without knowledge or information sufficient to form a belief as to the truth of the matters asserted in paragraph 1 and therefore denies them.

    2.    NSL is without knowledge or information sufficient to form a belief as to the truth of the matters asserted in paragraph 2 and therefore denies them.

    3.    NSL is without knowledge or information sufficient to form a belief as to the truth of the matters asserted in paragraph 3 and therefore denies them.

    4.    NSL is without knowledge or information sufficient to form a belief as to the truth of the matters asserted in paragraph 4 and therefore denies them.

5. Deny as stated. NSL is a Delaware limited liability company and maintains a place of business in Virginia. NSL was formerly known as Navient Solutions, Inc. Navient Solutions, Inc. was formerly known as Sallie Mae, Inc. NSL denies all allegations in paragraph 5 not expressly admitted.

6. NSL is without knowledge or information sufficient to form a belief as to the truth of the matters asserted in paragraph 6 and therefore denies the them.

7. The allegations in paragraph 7 about "fraudulently opened" students loans are legal conclusions to which no response is required. NSL is without knowledge or information sufficient to form a belief as to the truth of the remaining matters asserted in paragraph 7 and therefore denies them.

8. The allegations in paragraph 8 about "fraudulent" loans are legal conclusions to which no response is required. NSL is without knowledge or information sufficient to form a belief as to the truth of the remaining matters asserted in paragraph 8 and therefore denies them.

9. The allegations in paragraph 9 about "fraudulent" loans are legal conclusions to which no response is required. NSL is without knowledge or information sufficient to form a belief as to the truth of the remaining matters asserted in paragraph 9 and therefore denies them.

10. NSL is without knowledge or information sufficient to form a belief as to the truth of the matters asserted in paragraph 10 and therefore denies them.

11. NSL is without knowledge or information sufficient to form a belief as to the truth of the matters asserted in paragraph 11 and therefore denies them.

12. NSL is without knowledge or information sufficient to form a belief as to the truth of the matters asserted in paragraph 12 and therefore denies them.

13. The allegations in paragraph 13 about "fraudulent" accounts are legal conclusions to which no response is required. NSL is without knowledge or information sufficient to form a belief as to the truth of the remaining matters asserted in paragraph 13 and therefore denies them.

14. NSL is without knowledge or information sufficient to form a belief as to the truth of the matters asserted in paragraph 14 and therefore denies them.

15. The allegations in paragraph 15 are legal conclusions to which no response is required. To the extent a response is required, NSL is without knowledge or information sufficient to form a belief as to the truth of the matters asserted in paragraph 15 and therefore denies them.

16. NSL is without knowledge or information sufficient to form a belief as to the truth of the matters asserted in paragraph 16 and therefore denies them.

17. The allegations in paragraph 17 are legal conclusions to which no response is required. To the extent a response is required, NSL is without knowledge or information sufficient to form a belief as to the truth of the matters asserted in paragraph 17 and therefore denies them.

18. NSL is without knowledge or information sufficient to form a belief as to the truth of the matters asserted in paragraph 18 and therefore denies them.

19. NSL is without knowledge or information sufficient to form a belief as to the truth of the matters asserted in paragraph 19 and therefore denies them.

20. NSL is without knowledge or information sufficient to form a belief as to the truth of the matters asserted in paragraph 20 and therefore denies them.

21.     The allegations in paragraph 21 about "fraudulent" tradelines are legal conclusions to which no response is required. NSL is without knowledge or information sufficient to form a belief as to the truth of the remaining matters asserted in paragraph 21 and therefore denies them.

22.     The allegations in paragraph 22 about "fraudulent" tradelines are legal conclusions to which no response is required. NSL is without knowledge or information sufficient to form a belief as to the truth of the remaining matters asserted in paragraph 22 and therefore denies them.

23.     The allegations in paragraph 23 about "fraudulent" tradelines are legal conclusions to which no response is required. NSL is without knowledge or information sufficient to form a belief as to the truth of the remaining matters asserted in paragraph 23 and therefore denies them.

## COUNT I, FAIR CREDIT REPORTING ACT (FCRA)

24.     NSL hereby incorporates its responses to paragraphs 1-23.

25.     The allegations in paragraph 25 are not direct to NSL, thus no response is required. To the extent a response is required, NSL states that it is without knowledge or information sufficient to form a belief as to the truth of the matters asserted in paragraph 25 and therefore denies them.

26.     Deny.

27.     The allegations in paragraph 27 are not direct to NSL, thus no response is required. To the extent a response is required, NSL states that it is without knowledge or information sufficient to form a belief as to the truth of the matters asserted in paragraph 27 and therefore denies them.

28.     The allegations in paragraph 28 are not direct to NSL, thus no response is required. To the extent a response is required, NSL states that it is without knowledge or

information sufficient to form a belief as to the truth of the matters asserted in paragraph 28 and therefore denies them.

29. The allegations in paragraph 29 are not direct to NSL, thus no response is required. To the extent a response is required, NSL states that it is without knowledge or information sufficient to form a belief as to the truth of the matters asserted in paragraph 29 and therefore denies them.

30. Deny.

31. The allegations in paragraph 31 do not require a responsive pleading. To the extent a responsive pleading is required, deny.

## AFFIRMATIVE DEFENSES

As separate and distinct affirmative defenses to the purported causes of action in Plaintiff's complaint, NSL alleges the affirmative defenses set forth below. By the following allegations, NSL does not assume the burden of proving any fact or element of a cause of action where such burden properly belongs to Plaintiff.

## FIRST AFFIRMATIVE DEFENSE

1. The complaint, and the claim Plaintiff asserts against NSL, fails to state facts sufficient to constitute a cause of action against NSL.

## SECOND AFFIRMATIVE DEFENSE

2. Plaintiff's claim is barred by the doctrines of laches, waiver, estoppel, unclean hands, and/or other equitable principles.

**THIRD AFFIRMATIVE DEFENSE**

3. Plaintiff has failed to mitigate his damages, and to the extent of such failure to mitigate, any damages awarded to Plaintiff should be reduced accordingly.

**FOURTH AFFIRMATIVE DEFENSE**

4. Plaintiff has no cause of action for violations of the FCRA because NSL's reporting of Plaintiff's debt was not inaccurate or incomplete.

**FIFTH AFFIRMATIVE DEFENSE**

5. Plaintiff's claim against NSL is barred by the statute of limitations.

**SIXTH AFFIRMATIVE DEFENSE**

6. At all times relevant herein, NSL conducted a reasonable investigation of Plaintiff's credit reporting disputes.

**SEVENTH AFFIRMATIVE DEFENSE**

7. NSL specifically denies it willfully or knowingly violated the FCRA, or that it acted with any intent or knowledge to cause any injury or loss to Plaintiff.

**EIGHTH AFFIRMATIVE DEFENSE**

8. NSL is not legally responsible for the damages that may be claimed by Plaintiff as a result of the matters alleged in the complaint; however, if NSL is found to be legally responsible in any manner, then it alleges that its legal responsibilities are not the sole and proximate cause of the injuries and the damages awarded, if any, are to be apportioned in accordance with the fault and legal responsibility of all non-defendant parties, persons, and entities, or the agents, servants, and employees of such non-defendant parties, persons, and

entities, who contributed to and/or caused said damages, according to proof presented at the time of trial.

## NINTH AFFIRMATIVE DEFENSE

9. Plaintiff is barred from recovery in that any damage sustained by Plaintiff was the direct and proximate result of the independent, intervening, negligent, and/or unlawful conduct of independent third parties or their agents, and not any act or omission on the part of NSL.

## TENTH AFFIRMATIVE DEFENSE

10. NSL has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses available. NSL therefore reserves the right to assert additional affirmative defenses in the event discovery indicates such defenses would be appropriate.

**WHEREFORE**, NSL prays for judgment as follows:

1. The Complaint and every claim therein asserted against NSL be dismissed with prejudice;

2. Plaintiff's prayers for relief, and each of them, be denied insofar as they seek relief from NSL;

3. Judgment be entered in favor of NSL;

4. NSL be awarded attorney's fees and costs; and

5. For any such other and further relief the Court may deem just and proper.

Respectfully submitted, this 1st day of June, 2017.

              *s/ Dennis N. Lueck, Jr.*
              Dennis N. Lueck, Jr.
              Erin E. Edwards
              **AKERMAN LLP**
              1900 Sixteenth Street, Suite 1700
              Denver, Colorado 80202
              Telephone: (303) 260-7712
              Facsimile: (303) 260-7714
              Email: dennis.lueck@akerman.com
              Email: erin.edwards@akerman.com

              *Attorneys for Defendant Navient Solutions, LLC*

## CERTIFICATE OF SERVICE

I certify on this 1st day of June, 2017, a true and correct copy of the foregoing **NAVIENT SOLUTIONS, LLC'S ANSWER TO PLAINTIFF'S COMPLAINT** was filed and served via electronically via CM/ECF on the following:

Matthew R. Osborne, Esq.
Matthew R. Osborne, P.C.
10465 Melody Dr., Ste. 325
Northglenn, CO 80234

*Attorney for Plaintiff Gregory Greetham*

Karen Cody-Hopkins, Esq.
Cody-Hopkins Law Firm
4610 S. Ulster St., #150
Denver, CO 80237

*Attorney for Plaintiff Gregory Greetham*

Elizabeth K. Olson, Esq.
Hall & Evans, LLC
1001 Seventeenth Street, Suite 300
Denver, CO 80202

*Attorney for Defendant Trans Union, LLC*

*s/ Nick Mangels*
Nick Mangels